## HOLLIS et al. v. KUTZ et al.

(Court of Appeals of District of Columbia. Submitted February 4, 1920. Decided April 5, 1920.)

.No. 3296.

Gas ⊙═⇒14(1)—Proceedings to review order of Public Utilities Commission not maintainable by one not a party.

Under Act March 4, 1913, § 8, pars. 38–40, relative to complaints and proceedings before the Public Utilities Commission of the District of Columbia and paragraphs 64 and 67, authorizing a proceeding in equity in the Supreme Court to vacate or modify any decision or order, the proceeding in the Supreme Court is in the nature of an appeal, rather than an original suit, and one who was not a party to a proceeding before the commission for an increase in the price of gas, and who had made no complaint to the commission, could not maintain the proceeding.

Appeal from the Supreme Court of the District of Columbia.

Suit by William Hollis and another against Charles W. Kutz, Chairman, and others, Commissioners of the District of Columbia, and as such constituting the Public Utilities Commission of such District, and another. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

Roscoe F. Walter, of Washington, D. C., for appellants.

C. H. Syme, B. S. Minor, and J. J. Darlington, all of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Appellants, plaintiffs below, filed a bill in equity in the Supreme Court of the District of Columbia against defendants, Charles W. Kutz, Louis Brownlow, and W. Gwynn Gardiner, Commissioners of the District of Columbia, and as such constituting the Public Utilities Commission of the District, and the Washington Gaslight Company, to set aside certain orders of the commission increasing gas rates in the District of Columbia.

The proceedings complained of were had at the instance of the Washington Gaslight Company under section 8 of the act of Congress of March 4, 1913 (37 Stats. 974), which resulted in an order by the commission on March 15, 1918, in Formal Case No. 13, advancing the price of gas from 75 cents to 90 cents per 1,000 cubic feet, and a second order on March 15, 1919, in Formal Case No. 70, advancing the price from 90 cents to 95 cents per 1,000 cubic feet. Plaintiffs pray that a decree be entered setting aside each of these orders, and that the gaslight company be required to refund to plaintiffs the amount collected from them in advance of 75 cents per 1,000 cubic feet, with interest, and for such further relief as the case may require.

On motion of defendants, the bill was dismissed, and from the decree this appeal was prosecuted.

The appeal can be disposed of upon a single question of jurisdiction. Plaintiffs were not parties to the proceeding before the commission. It is averred:

"That on December 10, 1918, at the hearing before the Public Utilities Commission in Formal Case No. 70, aforesaid, there was entered the appearance

⊙═⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of a certain Roscoe F. Walter in opposition to the proposed increase in gas rates in such case, the same appearing on behalf of himself, and certain others, citizens of Takoma Park, District of Columbia."

It is nowhere alleged that Walter represented plaintiffs, either as attorney or agent, or that plaintiffs in any respect sought to intervene or object to the proceedings before the commission, or that they filed any complaint or instituted any proceeding to have the order of the commission set aside or modified. On the contrary, they allege that this suit is brought "under and by virtue of paragraph 64" of the act creating the Utilities Commission, which provides as follows:

"That any public utility and any person or corporation interested being dissatisfied with any order or decision of the commission fixing any valuation, rate or rates, tolls, charges, schedules, joint rate or rates, or regulation, requirement, act, service or other thing complained of may commence a proceeding in equity in the Supreme Court of the District of Columbia against the commission, as defendants, to vacate, set aside, or modify any such decision or order on the ground that the valuation, rate or rates, tolls, charges, schedules, joint rate or rates, or regulation, requirement, act, service or other thing complained of fixed in such order is unlawful, inadequate, or unreasonable."

The portions of the act under which proceedings may be instituted before the commission are as follows:

"Par. 38. That upon its own initiative or upon reasonable complaint made against any public utility that any of the rates, tolls, charges, or schedules, or services * * * are in any respect unreasonable or unjustly discriminatory * * * the commission may, in its discretion, proceed, with or without notice, to make such an investigation as it may deem necessary or convenient. But no order affecting said rates, tolls, charges, schedules, regulations, or act complained of shall be entered by the commission without a formal hearing.

"Par. 39. That the commission shall prior to such formal hearing notify the public utility complained of that a complaint has been made, and ten days after such notice has been given the commission may proceed to set a time and place for a hearing and an investigation as hereinafter provided.

Par. 40. That the commission shall give the public utility and the complainant, if any, ten days' notice of the time and place when and where such hearing and investigation will be held and such matters considered and determined. Both the public utility and complainant shall be entitled to be heard and shall have process to enforce the attendance of witnesses."

It thus appears that proceedings may be instituted by the Utilities Commission on its own motion, or by a public utility, as in the present case, seeking a readjustment of its rates, or by an interested party, who may make a formal complaint against the utility. This right of action against the utility will lie, whether the matters complained of originate with the utility or grow out of an order of the commission. In any event, however, formal complaint must be filed, hearing had, and a final order obtained from the commission, before the jurisdiction of the courts can be invoked.

The equitable proceeding in the Supreme Court of the District of Columbia under paragraph 64 is in the nature of an appeal rather than an original suit. The act contemplates that it shall be heard upon a transcript of the record made before the commission, and not alone upon evidence adduced at the trial, though additional evidence may be offered. However, if additional evidence is offered by the plaintiff,

differing from that offered at the hearing, the proceedings in equity must be suspended pending further proceedings by the commission. The procedure in this respect is defined in paragraph 67 of the act, as follows: ·

"That if upon trial of such proceeding or suit evidence shall be introduced by the plaintiff which is found by the court to be different from that offered upon the hearing before the commission or its authorized agent, or additional thereto, the court, before proceeding to render judgment, unless the parties to such action stipulate in writing to the contrary, shall transmit a copy of such evidence to the commission, and shall stay further proceedings in said proceeding for fifteen days from the date of such transmission. Upon the receipt of such evidence the commission shall consider the same and may alter, modify, amend, or rescind its order relating to such valuation, rate or rates, tolls, charges, schedules, joint rate or rates, time schedules, regulations, act, or service complained of in said action, and shall report its action thereon to said court within ten days from receipt of such evidence.

It is not contemplated that any resident of the District, feeling himself aggrieved, may rush into the courts without first submitting his case to the Utilities Commission, whose duty it is primarily to hear and adjust and, if possible, finally dispose of such complaints. It follows that, in the absence of any complaint by plaintiffs, or hearing upon a formal case submitted to the commission, there is no basis for the present action.

The decree dismissing the bill is affirmed, with costs.

Affirmed.

Mr. Chief Justice McCOY, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB, who took no part in the consideration or decision of this case.